UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:16-CR-00187-JLT-BAM-1 |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER 28 U.S.C. § 3582(c)(1)(A) |
| v. | |
| ROBERT GONZALEZ, | (Doc. 279) |
| Defendant. | |

Robert Gonzalez is a federal prisoner moving for compassionate release under 28 U.S.C. § 3582(c)(1)(A). (Doc. 279.) Gonzalez argues that his "'his current medical conditions and prior medical history 5 [sic] place him at increased risk for severe COVID-19 if he were exposed to SARS-CoV-2 6 [sic] and infected with the novel coronavirus that causes COVID-19.'" (Doc. 290 at 7.) The Government opposes Gonzalez's motion, arguing that he is not "eligible for a time-served sentence because he does not meet the 'extraordinary and compelling' standard of 18 U.S.C.§ 3582(c)(1)(A). (Doc. 290 at 1.) Gonzalez submitted a reply stating that the instant motion "presents a unique opportunity for the Court to bring 'compassion and common sense to the sentencing process.'" (Doc. 294 at 4.) For the reasons explained below, the motion is **DENIED**.

## BACKGROUND

Gonzalez pleaded guilty to one count of conspiracy to distribute and possess with intent

to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Doc. 262 at 7.) Gonzalez is currently incarcerated at FCI Victorville Medium II and has a projected release date of September 14, 2027. (*Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited January 4, 2024).) On December 6, 2022, Gonzalez moved for compassionate release citing the ongoing COVID-19 pandemic. (Doc. 279.) He requests that this Court modify his sentence to time served. (Doc. 290 at 1.)

## LEGAL STANDARD

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Those limited circumstances include compassionate release in extraordinary cases. *See United States v. Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020). Under the First Step Act of 2018 ("the FSA"), imprisoned defendants may bring their own motions for compassionate release in the district court. 18 U.S.C. § 3582(c)(1)(A) (2018). A defendant bears the burden of "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

First, defendants petitioning for compassionate release must exhaust administrative remedies. Once they do so, courts consider whether "extraordinary and compelling reasons warrant" the requested reduction. 18 U.S.C. § 3582(c)(1)(A) (2018). Then, the court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). *Id*.

Section 3582 further requires a reduction to be "consistent with applicable policy statements issued by the Sentencing Commission." *Id*. In 2023, the Sentencing Commission issued a policy statement addressing what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. *See* U.S.S.G. § 1B1.13 (last amended Nov. 1, 2023). This court refers to the Sentencing Commission's policy statement for guidance. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (Stating that "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding" regarding the previous

policy statement issued in 2006). The amendments contain six types of circumstances that may qualify as "extraordinary and compelling." *Id*. These are 1) the medical circumstances of the defendant, 2) the age of the defendant, 3) the family circumstances of the defendant, 4) whether the defendant was a victim of abuse while in custody, 5) other reasons that are similar in gravity to 1-4, and 6) an unusually long sentence. USSG §1B1.13, p.s. (last amended Nov. 1, 2023).

## ANALYSIS

**A.  Administrative Exhaustion**

Gonzalez submitted his request for compassionate release to FCI Victorville Medium II's Warden on June 6, 2023. (Doc. 290 at 4-5.) The request remains pending. (*Id*.) 18 U.S.C. § 3582(c)(1)(A) permits an inmate to move for compassionate release after either exhausting their administrative remedies or 30 days after they submit their request to the Warden. Since Gonzalez submitted his request to the Warden more than 30 days ago, he is permitted to file this motion.

**B.  Extraordinary and Compelling Reasons**

Gonzalez argues that he qualifies for relief under 18 U.S.C. § 3582(c)(1)(A) because he "he is vulnerable to serious illness due to medical conditions." (Doc. 287 at 1.) Gonzalez suffers from obesity, hypertension, hyperlipidemia, diabetes mellitus, anxiety, and substance use disorders. (*Id*. at 10.) None of these conditions are "extraordinary and compelling" reasons for relief.[1]

Gonzalez admits that "[h]e was provided two vaccinations in May and June 2021" for COVID-19. (Doc. 287 at 9.) When a defendant is vaccinated, this Court and others have employed a rebuttable presumption that the risk of severe harm from COVID-19 is not an "extraordinary and compelling" reason under § 3582(c)(1)(A)(i). *See United States v. Smith*, 538 F. Supp. 3d 990, 999 (E.D. Cal. May 11, 2021). A defendant can rebut this presumption by offering evidence of an elevated personal risk of severe harm despite the protections of

---

[1] Gonzalez also argues that his age (39), gender (male), and ethnicity (Hispanic) also heighten his risk of contracting COVID-19. The Court has not been able to find any cases where a defendant was granted compassionate release merely because of their gender or ethnicity. As for age, other courts have found that defendants older than Gonzalez fail to meet the extraordinary and compelling standard because of their age in light of COVID-19. *See United States v. Shabudin*, 445 F. Supp. 3d 212, 215 (N.D. Cal. 2020) (finding that being over 65 years of age did not establish extraordinary and compelling reasons that merit compassionate release despite increased risk of contracting COVID-19.)

3

vaccination. *Id*.

Gonzalez presented a declaration from Mazin Abdelghany, MD, a physician specializing in critical care medicine. (Doc. 287 at 21.) Abdelghany asserts that "[d]espite being vaccinated, [Gonzalez] remains at risk of contracting COVID-19 because of the known decreased vaccine effectiveness against the Omicron variant of SARS-CoV-2 and the known effects of waning immunity over time irrespective of effectiveness against SARS-CoV-2 variants of concern and their subvariants." (*Id*. at 31.) This declaration ignores the efficacy of the COVID-19 boosters targeting the Omicron variant. Other courts have denied compassionate release following the booster's availability because "up-to-date vaccinations are 90% effective against preventing serious illness from the Omicron variant." *United States v. McCullum*, No. 3:13-CR-00012-RCJ, 2022 WL 943143, at *2 (D. Nev. Mar. 29, 2022); *see also United States v. Ballenger*, No. CR16-5535 BHS, 2021 WL 308814, at *4 (W.D. Wash. Jan. 29, 2021) ("Although it is currently unknown how long immunity produced by vaccination lasts, based on evidence from clinic trials, the Pfizer-BioNTech vaccine Ballenger received was 95% effective at preventing COVID-19 illness.")

Gonzalez alleges that he has "contracted COVID-19 while in custody, which will have long term consequences for him as well as put him at an even greater risk if he were to contract the virus a third time." (Doc. 279 at 2.) However, Defendant has not informed the Court what these consequences are, how they have impacted him, or *why* he would be at greater risk because of his previous COVID-19 diagnosis. He merely states that "[i]t is unclear how the virus has impacted Mr. Gonzalez due to the lack of medical attention in the BOP." (*Id*. at 3.) This and other courts have treated recovery from a previous COVID-19 diagnosis a factor that mitigates the risk from the virus. *See United States v. Godoy-Machuca*, No. 21-10093, 2021 WL 7906521, at *1 (9th Cir. Dec. 17, 2021) (affirming denial of defendant's compassionate release motion in part because defendant's vaccination status and prior recovery from COVID-19 mitigated the risk).

Furthermore, despite stating that there is a "lack of medical attention in the BOP," Gonzalez does not allege his conditions are not being properly monitored. His BOP medical

4

records show that Gonzalez frequently visits health services and that his conditions are being monitored. (Doc. 302.) Diagnoses for chronic conditions that are treatable by the BOP do not establish extraordinary and compelling reasons that merit compassionate release, even in light of the COVID-19 pandemic. *See United States v. Weidenhamer*, No. CR1601072001PHXROS, 2019 WL 6050264, at *5 (D. Ariz. Nov. 8, 2019) ("Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release."); *United States v. George*, No. 1:17-CR-00030-JLT-SKO, 2022 WL 17812892 (E.D. Cal. Dec. 19, 2022) (finding that a diagnoses for hypertension and hyperlipidemia that were being monitored and treated did not establish extraordinary and compelling reasons during the COVID-19 pandemic); *United States v. Posey*, No. CR18-280RSL, 2021 WL 4745523, at *6 (W.D. Wash. Oct. 12, 2021) (denying compassionate release to overweight defendant who was also suffering from hypertension and hyperlipidemia in part because defendant was vaccinated); *United States v. Sakuma*, No. CR 12-00055 JMS, 2021 WL 1536571, at *3 (D. Haw. Apr. 19, 2021) ("[T]aking into account Defendant's age [58], risk factors [diabetes, high blood pressure, and high cholesterol], and that he has been vaccinated, the court concludes that [Defendant] has failed to demonstrate that extraordinary and compelling reasons warrant compassionate release."); *United States v. Martinez*, No. 19-CR-5218-MMA, 2021 WL 927360, at *3 (S.D. Cal. Mar. 10, 2021)(denying motion for compassionate release where defendant was obese and suffered from high blood pressure because defendant was fully vaccinated); *United States v. Grummer*, No. 08-CR-4402-DMS, 519 F.Supp.3d 760, 763 (S.D. Cal. Feb. 16, 2021) ("Although Defendant suffers from several chronic medical conditions, his vaccination significantly mitigates the risk that he will contract COVID-19."); *United States v. Aguilar-Cortez*, No. 2:95-CR-20 WBS, 2022 WL 118407 (E.D. Cal. Jan. 12, 2022) (Denying compassionate release despite defendant's age (63) and conditions including diabetes and hypertension based on BOP's ability to treat his medical conditions and the availability of vaccines.) Mazin Abdelghany's declaration in support of Gonzalez's motion is insufficient to outweigh the above cited case law.  Based on this record, the Court cannot conclude that Gonzalez has established extraordinary and compelling reasons warranting his release based on his medical conditions as related to the COVID-19 pandemic.

### C. Consistency with the § 3553(a) Factors

Because the Court concludes that Gonzalez's request is not supported by "extraordinary and compelling" reasons, the Court need not reach the § 3553(a) sentencing factors. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform this sequential inquiry before it grants compassionate release, a district court that properly denies compassionate release need not evaluate each step").

## CONCLUSION

For the reasons discussed above, Defendant Gonzalez's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. 24), is **DENIED**.

IT IS SO ORDERED.

Dated: **January 12, 2024**

*[signature]*
UNITED STATES DISTRICT JUDGE