# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT GONZALEZ,<br><br>Defendant. | Case No.: 1:16-cr-00187 JLT BAM<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)<br><br>(Doc. 316) |

Robert Gonzalez is a federal prisoner proceeding *pro se* on his motion for compassionate release under 18 U.S.C. § 3582(c)(2) and the "zero point offender" provision of the retroactive amendments to the U.S. Sentencing Guidelines ("Amendment 821"). (Doc. 316.) The government opposes the motion, arguing that Defendant is not eligible for a sentence reduction because Amendment 821 does not reduce Defendant's advisory guideline range. (Doc. 319.) Defendant did not file a reply. For the reasons set forth below, the motion is **DENIED**.

## I.     Background

In July 2021, Defendant pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Doc. 259 at 2; Doc. 260.) In advance of sentencing, the probation officer filed a Presentence Investigation Report. (PSR, Doc. 262.)

The PSR assigned a base offense level of 34 pursuant to U.S.S.G. § 2D1.1(c)(2) based on the

amount of methamphetamine (606.2 grams) involved in the offense. (PSR ¶¶ 26, 118.) However, the probation officer recommended a three-level reduction based on Defendant's acceptance of responsibility, for a total offense level of 31. (PSR ¶¶ 21-23, 31-35.) Defendant was assessed 10 criminal history points based on multiple prior convictions and 2 status points under the prior version of U.S.S.G. § 4A1.1(d), for a total criminal history score of 12. (*See* PSR ¶¶ 36-49.) This placed him in criminal history category V and resulted in an advisory sentencing guideline range of 168 to 210 months. (PSR ¶¶ 50, 106.)

At the sentencing hearing, the Court adopted the findings in the PSR without change and varied downward for the reasons set forth in Sections VI and VIII of the Statement of Reasons. (*See* SOR at 1-3.) The Court sentenced Defendant to 153 months in custody followed by 60 months of supervised release. (Doc. 267 at 2-3.)

Defendant is currently incarcerated at Federal Correctional Institution, Lompoc I. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited October 30, 2025). His projected release date is September 14, 2027. *Id.*

## II.    Legal Standard

In general, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Those limited circumstances include compassionate release "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2). In such a case, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. The relevant policy statement applicable to § 3582(c)(2) provides:

> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
> 
> (A) none of the amendments listed in subsection (d) is applicable to the defendant; or

          (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(2) (2023).

As such, district courts conduct a "two-step inquiry" to determine whether to grant relief under § 3582(c)(2). *Dillon*, 560 U.S. at 826. The court begins by "determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Id.* at 827 (internal quotation marks omitted). If a defendant is found "eligible" under the first step, the court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a) to determine whether "the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

### III.    Analysis

Effective November 1, 2023, the Sentencing Commission amended two provisions of the Sentencing Guidelines—"parts A and B, subpart 1"—which applied retroactively. *See* U.S.S.G. § 1B1.10(d) (2023) ("Amendment 821"); *see also* U.S.S.G. § 1B1.10(e)(2).

    **A.**    **"Zero-Point Offender" Provision**

Part B, Subpart 1 provides a two-offense-level reduction for certain "zero-point offenders" who satisfy specific criteria. *See* U.S.S.G. § 4C1.1. Specifically, a defendant must meet each of the following:

1. *the defendant did not receive any criminal history points from Chapter Four, Part A;*
2. the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
3. the defendant did not use violence or credible threats of violence in connection with the offense;
4. the offense did not result in death or serious bodily injury;
5. the instant offense of conviction is not a sex offense;
6. the defendant did not personally cause substantial financial hardship;
7. the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

3

8. the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

9. the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

10. the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

U.S.S.G. § 4C1.1(a) (emphasis added).

Defendant seeks a two-offense-level reduction on the basis that he meets the criteria under § 4C1.1(a). (Doc. 316.) However, as indicated above, Defendant was assigned 10 criminal history points based on multiple prior convictions. Because § 4C1.1 provides for a sentence reduction only for those offenders with no criminal history points, Defendant does not qualify for an offense level reduction under this provision. U.S.S.G. § 4C1.1(a)(1).

### B. "Status Points" Provision

Part A of Amendment 821 reduces the number of "status points" assigned to certain defendants who committed their offense while under a criminal justice sentence, thereby lowering the impact on the defendant's criminal history. Prior to Amendment 821, a defendant received 2 additional criminal history "status" points if he or she "committed any part of the instant offense (*i.e.*, any relevant conduct) while under any criminal justice sentence." *See* U.S.S.G. § 4A1.1(d) (prior to Nov. 1, 2023). The amended provision instructs the sentencing judge to:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e) (Nov. 1, 2023). Therefore, under Amendment 821, a defendant who presents 7 or more criminal history points now receives 1 status point, instead of 2, for an offense committed while under a criminal justice sentence, and a defendant who presents 6 or fewer criminal history points now receives no status points. *Compare* U.S.S.G. § 4A1.1(d) (prior to Nov. 1, 2023), *with* U.S.S.G. § 4A1.1(e) (Nov. 1, 2023).

When Defendant was sentenced in 2021, he was assigned 10 criminal history points based on

4

prior convictions and 2 status points for committing the offense while under a criminal justice sentence (supervised release). (*See* PSR ¶ 48.) Under the amended provision, Defendant would receive 1, rather than 2, status points, which would reduce his total criminal history score to 11. U.S.S.G. § 4A1.1(e). However, according to the sentencing table in U.S.S.G. Chapter 5, Part A, a criminal history score of 11 places Defendant in criminal history category V—the same category that was used to determine his guideline range at sentencing.

Therefore, application of Amendment 821 does not impact Defendant's guideline sentence—under either provision—rendering him ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) at the first step. The Court does not consider the § 3553(a) sentencing factors. *Dillon*, 560 U.S. at 827.

**IV.     Conclusion and Order**

Based upon the foregoing, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 316) is **DENIED**.

IT IS SO ORDERED.

Dated:     **November 1, 2025**

*[signature: Jennifer L. Thurston]*
UNITED STATES DISTRICT JUDGE